## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

**NANCY BRIAN, Mother of**
**MARK AARON BRIAN, Deceased**                                **PLAINTIFF**

**VS.**                         **3:15-CV-00212-JM**

**BNSF RAILWAY COMPANY**                                     **DEFENDANT**

### ORDER

Pending are Defendant's Motion to Dismiss (Doc. No. 6) and Plaintiff's Motion to Amend Complaint (Doc. No. 24).  Both motions are opposed.[1]

**I.     BACKGROUND**

On July 28, 2015 Plaintiff filed a wrongful-death action "on behalf of all wrongful death beneficiaries" of decedent Mark Brian.[2]  On November 20, 2015, an Arizona court appointed Janine Brian and Nancy Brian "as co-personal representatives" of the Estate of Mark Brian.[3]

**II.    DISCUSSION**

"Arkansas law is clear that where there is no personal representative at the time of filing, 'all statutory beneficiaries must be joined as plaintiffs to the [wrongful death] action.'"[4] "Because individual heirs have no standing, when a complaint is filed by fewer than all of the decedent's heirs at law, the complaint is a nullity."[5]  When Plaintiff filed this case, she was

---

[1]Doc. Nos. 25, 27.

[2]Doc. No. 1.

[3]Doc. No. 26-2.

[4]*Mendez v. Glover*, 379 S.W.3d 92, 97 (Ark. App. 2010) (quoting *Brewer v. Poole*, 207 S.W.3d 458, 464 (2005)).

[5]*Id.*

simply a beneficiary and not yet the personal representative. Since she did not include all of the beneficiaries as plaintiffs, the case must be dismissed as a nullity.

Recently Plaintiff was named as a co-representative of the estate and wants to amend the complaint accordingly. However, you cannot amend a complaint that is a nullity because it never existed – so there is nothing to amend.[6]

## CONCLUSION

Based on the findings of fact and conclusions of law above, Defendant's Motion to Dismiss (Doc. No. 6) is GRANTED. Plaintiff's Motion for Leave to Amend Complaint (Doc. No. 24) is DENIED.

IT IS SO ORDERED this 14th day of December, 2015.

_____
UNITED STATES DISTRICT JUDGE

---

[6] *Brewer v. Poole*, 207 S.W.3d 458, 466 (Ark. 2005) ("Where the original complaint is a nullity, Rules 15 and 17 are inapplicable because the original complaint never existed; thus, there is no pleading to amend and nothing to relate back.").